

IN THE

# Court of Appeals of Indiana

Michelle Walker,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Jul 19 2024, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

July 19, 2024

Court of Appeals Case No.
24A-CR-443

Appeal from the Vanderburgh Superior Court

The Honorable Jill R. Marcrum, Magistrate

Trial Court Cause No.
82D07-2306-CM-3905

---

**Opinion by Judge Mathias**
Chief Judge Altice and Judge Bailey concur.

**Mathias, Judge.**

[1] Michelle Walker appeals her conviction for Class A misdemeanor criminal trespass following a bench trial. She presents a single issue for our review, namely, whether the State presented sufficient evidence to support her conviction.

[2] We reverse.

## Facts and Procedural History

[3] The facts are undisputed. On June 27, 2023, Walker was employed by Grandy's, a restaurant in Evansville. That evening, she was working at the front counter when two managers, Destiny Neighbors and Lauren Evans ("Evans"), asked Walker to leave the restaurant. Walker initially refused but eventually left, and Jason Evans ("Jason"), another employee, locked the door. Jason had observed that, just prior to being asked to leave, Walker "was acting normal with the exception of a raised voice." Tr. p. 14.

[4] For some period of time, Walker tried to regain entry to the restaurant. And at some point, Neighbors let Walker back inside the restaurant. But Neighbors and Evans again asked Walker to leave, and she refused. Someone called the police, and when officers arrived, one asked Jason whether Walker had been "barred" from the restaurant. Tr. p. 17. Jason responded, "We couldn't make that decision to bar her. We just wanted her to leave the property." *Id.* at 18. When Walker again refused to leave, she was arrested. Walker was not fired.

[5] The State charged Walker with Class A misdemeanor criminal trespass. During a bench trial, Jason was the sole witness for the State; neither manager testified. The trial court found Walker guilty as charged. This appeal ensued.

## Discussion and Decision

[6] Walker contends that the State presented insufficient evidence to support her conviction. Our standard of review is well settled.

> When an appeal raises "a sufficiency of evidence challenge, we do not reweigh the evidence or judge the credibility of the witnesses . . . ." We consider only the probative evidence and the reasonable inferences that support the [judgment]. "We will affirm 'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'"

*Phipps v. State*, 90 N.E.3d 1190, 1195 (Ind. 2018) (quoting *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011)).

[7] Indiana Code section 35-43-2-2(b)(2) (2022) provides that a person who, "*not having a contractual interest in the property*, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent" commits Class A misdemeanor criminal trespass. (Emphasis added.) Walker argues that the State did not prove either that (1) the property owner or the owner's agent had asked her to leave or (2) that she did not have a contractual interest in the property. Because the second issue is dispositive of this appeal, we need not address Walker's first argument.

[8] The parties agree that, at the time of the alleged trespass, Walker had a contractual interest in the property because she was an employee. The State alleges, however, that her contractual interest was "limited" and that she committed criminal trespass when she violated the terms of that limited contractual interest. Appellee's Br. at 12. Specifically, the State argues that Walker's contractual interest in the restaurant was "limited to the purpose of providing customer service at the front counter and [she] could be terminated if she was disruptive." *Id.*

[9] The State does not cite any evidence in support of that contention. Instead, the State cites *Taylor v. State*, 836 N.E.2d 1024 (Ind. Ct. App. 2005), *trans. denied*. In *Taylor*, we held that, because a student's contractual interest in school premises is inherently limited temporally and spatially, and because the defendant was still on the premises more than two hours after his class had ended despite an IPS police officer's demand that he leave, the State had presented sufficient evidence to prove criminal trespass. *Id.* at 1028 (citing *A.E.B. v. State*, 756 N.E.2d 536, 541 (Ind. Ct. App. 2001)).

[10] We decline the State's invitation to extend our holding in *Taylor* to the facts here. In *Taylor*, the State presented evidence that the student "was scheduled to attend class only from 8:15 to 10:15 a.m., and he was still at school around noon." *Id.* at 1026. The State also presented evidence that an IPS Police Officer was charged with "mak[ing] sure that people aren't hanging around the school that aren't supposed to be there[.]" *Id.* We held that, "[e]ven assuming that a student has a contractual interest in school property, . . . we conclude that such

an interest is limited temporally to when taking classes or engaged in other school activities and limited spatially to areas necessary to the attendance function." *Id.* at 1028.

[11] In contrast, here, the State did not argue and presented no evidence at trial to show that Walker's contractual interest in the premises was limited during her shift. Even assuming for purposes of this appeal that there is an inherent limit on an employee's contractual interest in her employer's premises to not disrupt business operations, there is simply no evidence that Walker exceeded any such limit. Jason testified only that Walker "was acting normal with the exception of a raised voice." Tr. p. 14. The State did not present evidence, for example, that Walker had upset any customers or other employees. Significantly, Jason did not know why Walker was asked to leave the premises.

[12] We agree with Walker that our holding in *Pogue v. State*, 937 N.E.2d 1253 (Ind. Ct. App. 2010), *trans. denied*, is applicable here. In *Pogue*, the State presented evidence that a student's contractual interest in his school's premises was limited in that it could be terminated if he became disruptive or was suspended from his program. *Id.* at 1257-58. But the State in *Pogue* did not present evidence either that the student had been disruptive or that he had been suspended. Thus, we held that his conviction for criminal trespass was not supported by the evidence and reversed. *Id.* at 1258. We acknowledged that

> schools, *as well as businesses* . . . have a legitimate interest in maintaining a safe environment and preserving order on their premises. However, once a school or business has entered into an

agreement with an individual which grants the individual a contractual interest in its property, the individual may not be found to have committed criminal trespass so long as the individual's contractual interest remains.

*Id.* at 1257 (emphasis added).

[13] Likewise, here, without any evidence that Walker had exceeded any limits on her contractual interest in the restaurant, the State could not prove that she committed criminal trespass.

[14] For all these reasons, we reverse Walker's conviction for criminal trespass.

[15] Reversed.

Altice, C.J., and Bailey, J., concur.

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Michelle Hawk Kazmierczak
Deputy Attorney General
Indianapolis, Indiana